1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2 |   Including Professional Corporations
CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207
3 | cvandenbosch@sheppardmullin.com
MICHELLE LAVOIE WISNIEWSKI, Cal. Bar No. 234032
4 | mwisniewski@sheppardmullin.com
650 Town Center Drive, 4th Floor
5 | Costa Mesa, California 92626-1993
Telephone:  714.513.5100
6 | Facsimile:  714.513.5130

7 | Attorneys for Plaintiff,
Innovative Beverage Concepts, Inc.

8 |

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11 |

| | |
|---|---|
| 12 INNOVATIVE BEVERAGE CONCEPTS, INC., a California corporation; | Case No. **SACV12-02099 CJC (ANx)** |
| 13 | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| 14 Plaintiff, | **(1) TRADEMARK INFRINGEMENT [15 U.S.C. § 1114(1)];** |
| 15 v. | |
| 16 THE TEA LAB, LLC, a New York limited liability company; JENNIE RIPPS, an individual; and DOES 1-10 inclusive; | **(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a),(b)];** |
| 17 | |
| 18 Defendants. | **(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)];** |
| 19 | **(4) CYBERSQUATTING [15 U.S.C. § 1125(d)];** |
| 20 | |
| 21 | **(5) UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT [California Common Law];** |
| 22 | |
| 23 | **(6) UNFAIR COMPETITION [California Business & Professions Code §§ 17200 & 17500 et seq.]; AND** |
| 24 | |
| 25 | **REQUEST FOR JURY TRIAL.** |
| 26 | |
| 27 | |
| 28 | |

-1-

SMRH:407269364.1

COMPLAINT

Plaintiff Innovative Beverage Concepts, Inc. ("IBC") files this Complaint against Defendants The Tea Lab, LLC, Jennie Ripps, and Does 1-10 inclusive (collectively, "Defendants"), and alleges the following:

## **THE PARTIES**

1.      Plaintiff IBC is a California corporation having its principal place of business at 9600 Research Drive, Irvine, California 92618.

2.      Upon information and belief, Defendant The Tea Lab, LLC ("The Tea Lab") is a New York limited liability company having its principal place of business at 124 East 36th Street, New York, New York, 10016 and regularly conducting business in this district.

3.      Upon information and belief, Defendant Jennie Ripps ("Ripps") is an individual with a place of business at 124 East 36th Street, New York, New York, 10016 and regularly conducting business in this district.

4.      IBC is unaware at this time of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by these fictitious names.  IBC will seek leave of Court to amend this Complaint to allege their true names and capacities when the same have been ascertained or at the time of trial.

5.      Upon information and belief, each of the Defendants was the agent, servant, or employee of each of the other Defendants, and in doing the things alleged herein, was acting in the course and scope of such agency, service and employment and with the permission and consent of his, her or its co-Defendants.

-2-

## NATURE AND STATUTORY BASIS OF THE ACTION

6.     This action seeks remedy for trademark infringement under the federal Lanham Act, 15 U.S.C. Section 1114(1) (First Claim for Relief); unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. Sections 1125(a) and (b) (Second Claim for Relief); trademark dilution under the Lanham Act, 15 U.S.C. Section 1125(c) (Third Claim for Relief); cybersquatting under the Lanham Act, 15 U.S.C. Section 1125(d) (Fourth Claim for Relief); trademark infringement under the common law of California (Fifth Claim for Relief); and unfair competition and false designation of origin under the California Business and Professions Code Sections 17200 and 17500 *et seq.* (Sixth Claim for Relief).

## JURISDICTION AND VENUE

7.     This Court has personal jurisdiction over The Tea Lab and Ripps because, upon information and belief: (i) they do business and/or actively solicit business in California; (ii) they have continuous and ongoing business contacts with residents of California through, *inter alia*, the highly interactive *www.theteaologist.com* website; (iii) they have intentionally engaged in acts targeted at California that have caused harm within California, including harm to IBC, which has its principal place of business in California; (iv) the confusion resulting from their trademark infringement is most likely to impact California consumers; and (v) they have purposely availed themselves of the privilege of conducting business in California.

8.     The First, Second, Third and Fourth Claims for Relief arise under the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq.*  This Court has original subject matter jurisdiction over these Lanham Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

9.     The Fifth and Sixth Claims for Relief arise under California statutory and common law.  Jurisdiction in this Court is proper for these claims under 28 U.S.C. § 1338(b) in that such claims are joined with substantial and related claims brought under the trademark laws of the United States.  This Court also has jurisdiction for all of the state law claims on the basis of supplemental jurisdiction under 28 U.S.C. § 1367(a) in that the federal and state law claims alleged herein are based on the same operative facts, and the Court's exercise of jurisdiction over the pendent state law claims will promote judicial economy, convenience and fairness to the parties.

10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) in that Defendants regularly conduct business in this district, and a substantial part of the acts or omissions giving rise to the claims asserted herein occurred or had effects in this district.

## FACTUAL BACKGROUND

A.     **IBC's Business**

11.     Since at least as early as 1996, IBC has developed and sold a variety of high quality tea, coffee and other café-related products that are used and consumed worldwide.

12.     To expand its business, in or around 2002, IBC developed tea products under the brand **TEAOLOGY®**.  Since at least as early as 2002, IBC has continuously sold tea, tea mixes and tea-based beverages under the **TEAOLOGY** brand.

13.     IBC markets and sells its **TEAOLOGY** brand of tea, tea mixes and tea-based beverages to individuals, professional café baristas, and quality food establishments.

-4-

14.     IBC sells its **TEAOLOGY** brand of tea, tea mixes and tea-based beverages through a variety of marketing channels, including through its worldwide distributors, various trade publications, and on the Internet via its website at *www.teaology.com*.

15.     Since its inception, the **TEAOLOGY** brand has commanded a substantial marketplace presence and has enjoyed sales in the millions of dollars.

**B.      IBC's Valuable Intellectual Property**

16.     As a company that depends upon both the quality of its products and the reliability of its brand, IBC has spent substantial sums securing and protecting its intellectual property interests.

17.     IBC has obtained federal trademark registrations to protect the value of its famous **TEAOLOGY** brand in connection with tea, tea mixes and tea-based beverages.  IBC owns at least the following U.S. federal trademark registrations duly registered with the United States Patent and Trademark Office ("USPTO") which are pertinent to this particular case (hereafter referred to as the "**TEAOLOGY** Mark"):

| Mark | Reg. No. | Goods |
|------|----------|-------|
| **TEAOLOGY**® | 2,650,419 | Tea, flavored drink mixes, namely tea mixes. |
| **TEAOLOGY**® | 3,631,790 | Powdered drink mixes containing tea for use as meal replacements. |

18.     True and correct copies of each of the registrations set forth in the above paragraph are attached hereto as Exhibits A and B.  IBC owns each of these registrations originally.

19.     The USPTO has conferred incontestability status upon one of IBC's federal trademark registrations, namely Reg. No. 2,650,419.

20. IBC has extensively and continually advertised and promoted the **TEAOLOGY** brand since its first use in 2002. Over the years, IBC has expended substantial amounts of time, effort and money to ensure that the purchasing public associates the **TEAOLOGY** brand with IBC's products. As a result of this time, effort and financial investments, IBC and the **TEAOLOGY** Mark have achieved a reputation for excellence in the marketplace. IBC enjoys substantial demand and goodwill for its products bearing or marketed under the **TEAOLOGY** Mark.

21. The **TEAOLOGY** Mark is a strong mark when used in connection with tea, tea mixes and tea-based beverages. The **TEAOLOGY** Mark is inherently distinctive.

22. By virtue of the extensive scope of the consumer sales made and the substantial sums spent to promote the **TEAOLOGY** Mark, it has also acquired a strong secondary meaning in the minds of the relevant purchasing public.

23. The **TEAOLOGY** Mark uniquely distinguishes IBC products from products offered by others. IBC has built up incalculable goodwill and value in the **TEAOLOGY** Mark. The relevant purchasing public has come to exclusively associate the **TEAOLOGY** Mark with tea, tea mixes and tea-based beverages that originate from IBC.

24. The **TEAOLOGY** Mark is famous in connection with tea, tea mixes and tea-based beverages. The **TEAOLOGY** Mark has earned various awards, including finalist entries in the 2002 *International Food & Beverage Awards*, the 2002 edition of *Applied Arts Magazine*, the 2003 edition of *New Logo World*, the 2003 edition of *Step Inside Design's 100 Competition and Annual Magazine*, and the 2004 edition of *American Corporate Identity*. IBC's tea products have been featured in national publications such as *Fresh Cup Magazine*, *Specialty Coffee Retailer*, *Gourmet Retailer Magazine*, and *Hospitality News*. IBC's tea products also have a celebrity following and have been featured at celebrity poker

1   tournaments, sporting events, a cancer benefit hosted by John Stamos, and Tori

2   Spelling's wedding.

3       25.    IBC has not licensed, authorized or otherwise consented to Defendants'

4   use of the **TEAOLOGY** Mark.

5

6   **C.**    **Defendants' Unlawful Conduct**

7       26.    Upon information and belief, Defendants are in the business of

8   distributing, promoting and selling tea products to the consuming public.

9       27.    Upon information and belief, Defendants are a competitor of IBC and

10  sell competing tea and tea-related products under the mark **THE TEAOLOGIST®**

11  (U.S. Reg. No. 4,118,490) (the "Infringing Mark").

12      28.    Upon information and belief, Defendants' tea products compete in the

13  marketplace with IBC's **TEAOLOGY** brand of tea, tea mixes and tea-based

14  beverage products.

15      29.    Upon information and belief, Defendants own and/or operate the

16  *www.theteaologist.com* website (the "Infringing Domain Name").

17      30.    Upon information and belief, Defendants sell their **THE**

18  **TEAOLOGIST** tea products through a variety of marketing channels that overlap

19  with IBC's marketing channels, including without limitation on the Internet via the

20  Infringing Domain Name.

21      31.    Upon information and belief, Defendants use the **TEAOLOGY** Mark

22  to direct Internet traffic to the Infringing Domain Name by embedding the

23  **TEAOLOGY** Mark in the Infringing Domain Name's metatags.  Defendants' use of

24  the **TEAOLOGY** Mark as a metatag increases the likelihood that consumers who

25  use a search engine to find **TEAOLOGY** tea products will instead find Defendants'

26  Infringing Domain Name.

27

28

32.     Upon information and belief, Defendants are using the Infringing Mark and Infringing Domain Name with the intent to ride the coattails of IBC's well-known **TEAOLOGY** Mark.

33.     Upon information and belief, as a result of Defendants' use of a similar mark on virtually identical and/or competing tea products, consumers who encounter **THE TEAOLOGIST** tea and related products are likely to be confused as to their source, or as to their connection or affiliation with IBC and its **TEAOLOGY** brand of tea, tea mixes and tea-based beverages.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement Against Defendants

### [Section 32(1) Of The Lanham Act, 15 U.S.C. § 1114(1)]

34.     IBC realleges and incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

35.     Defendants have infringed the federally registered **TEAOLOGY** Mark by, among other things, promoting, distributing and selling **THE TEAOLOGIST** tea and related products in interstate commerce.  IBC has not granted Defendants permission or authority to use the registered **TEAOLOGY** Mark.

36.     Upon information and belief, Defendants' promotion, distribution and sale of **THE TEAOLOGIST** tea and related products has a substantial effect on interstate commerce, and has caused confusion and mistake, and is likely to continue to cause confusion and mistake, and to deceive the public into believing that **THE TEAOLOGIST** tea and related products originate with, or are associated with and/or authorized by, IBC.

37.     Upon information and belief, Defendants have committed these acts of infringement with the intent to cause confusion and mistake and to deceive the

public into believing that **THE TEAOLOGIST** tea and related products originate with, or are associated with and/or authorized by, IBC.

38.    Defendants' unlawful use of the Infringing Mark in interstate commerce constitutes trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1).

39.    Upon information and belief, Defendants, by engaging in the conduct described herein, willfully intended to trade on the reputation of IBC and/or the **TEAOLOGY** Mark, and to cause injury to IBC.

40.    As a direct and proximate result of Defendants' unlawful acts as set forth above, including the unauthorized use of the Infringing Mark, IBC has suffered and will continue to suffer injury to its business, goodwill and property.

41.    IBC is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein.  IBC is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of the wrongful conduct alleged herein.  IBC at present is unable to ascertain the full extent of its damages, or the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

42.    IBC has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of the Infringing Mark in commerce, IBC will continue to suffer irreparable harm.

43.    Pursuant to 15 U.S.C. § 1116, IBC is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts of infringement in violation of the Lanham Act.

## SECOND CLAIM FOR RELIEF

### Unfair Competition and False Designation of Origin Against Defendants
### [Section 43(a) Of The Lanham Act, 15 U.S.C. § 1125(a), (b)]

44.     IBC realleges and incorporates herein by references the allegations of the preceding paragraphs as though fully set forth herein.

45.     Defendants' use of the Infringing Mark causes or is likely to cause confusion, mistake and deception as to the affiliation, connection and association of Defendants with IBC and/or as to the origin, sponsorship and approval of the products sold under the Infringing Mark.

46.     Defendants' use of the Infringing Mark causes or is likely to cause confusion, mistake and deception as to the nature, characteristics, origin and qualities of the goods sold under the Infringing Mark.

47.     Defendants' acts have caused and, unless restrained by this Court, will continue to cause IBC and the public to suffer great and irreparable damage and injury through, *inter alia*, (a) likelihood of confusion, mistake and deception among the relevant purchasing public and trade as to the source of Defendants' goods; and (b) the loss of the valuable goodwill and business reputation symbolized by the Infringing Mark.

48.     IBC is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein.  IBC is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of such wrongful conduct.  IBC at present is unable to ascertain the full extent of its damages, or the extent of the gains, profits and advantages that Defendants have obtained by reason of the wrongful conduct described herein.

49.     IBC has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set

1   forth above, including the unauthorized use of the Infringing Mark in commerce,

2   IBC will continue to suffer irreparable harm.

3      50.    Pursuant to 15 U.S.C. § 1116, IBC is entitled to an injunction

4   restraining Defendants, their officers, agents and employees, and all persons acting

5   in concert with them, from engaging in any further such acts of unfair competition

6   and false designation or origin in violation of the Lanham Act.

7

8   **THIRD CLAIM FOR RELIEF**

9   **Federal Trademark Dilution Against Defendants**

10  **[Section 43(c) Of The Lanham Act, 15 U.S.C. § 1125(c)]**

11

12     51.    IBC realleges and incorporates herein by reference the allegations of

13  the preceding paragraphs as though fully set forth herein.

14     52.    The **TEAOLOGY** Mark is a famous mark.

15     53.    Defendants' commercial use of the Infringing Mark occurred at all

16  times after the **TEAOLOGY** Mark had become famous.

17     54.    Defendants' use of the Infringing Mark is likely to deprive IBC of the

18  benefit of the goodwill attached to the **TEAOLOGY** Mark, to injure IBC's business

19  reputation, and causes actual dilution of the distinctive quality of the **TEAOLOGY**

20  Mark.

21     55.    Defendants' use of the Infringing Mark violates the Federal Trademark

22  Dilution Act, 15 U.S.C. § 1125(c).

23     56.    Upon information and belief, Defendants, by engaging in conduct

24  described herein, willfully intended to trade on IBC's business reputation and to

25  cause dilution of the famous **TEAOLOGY** Mark.

26     57.    As a direct and a proximate result of Defendants' unlawful acts as set

27  forth above, including the unauthorized use of the Infringing Mark, IBC has suffered

28

-11-

1  and will continue to suffer injury to its business, goodwill and property in an amount
2  not presently known.

3     58.    IBC is entitled to recover from Defendants the damages it has sustained
4  and will sustain as a result of Defendants' wrongful conduct as alleged herein.  IBC
5  is further entitled to recover from Defendants the gains, profits and advantages that
6  Defendants have obtained as a result of the wrongful conduct alleged herein.  IBC at
7  present is unable to ascertain the full extent of its damages, or the gains, profits and
8  advantages that Defendants have obtained by reason of the wrongful conduct
9  described herein.

10     59.    IBC has no adequate remedy at law.  Unless Defendants are
11  preliminarily and permanently enjoined from committing these unlawful acts as set
12  forth above, including the unauthorized use of the Infringing Mark in commerce,
13  IBC will continue to suffer irreparable harm.

14     60.    Pursuant to 15 U.S.C. § 1116, IBC is entitled to an injunction
15  restraining Defendants, their officers, agents and employees, and all persons acting
16  in concert with them, from engaging in any further such acts of dilution in violation
17  of the Lanham Act.

18

19                    **FOURTH CLAIM FOR RELIEF**
20                 **Cybersquatting Against Defendants**
21        **[Section 43 of the Lanham Act, 15 U.S.C. § 1125(d)]**

22

23     61.    IBC realleges and incorporates herein by reference the allegations of
24  the preceding paragraphs as though fully set forth herein.

25     62.    Defendants' acquisition and/or registration and use of the Infringing
26  Domain Name constitutes a bad faith intent to profit from the **TEAOLOGY** Mark
27  within the meaning of § 1125(d).

28

-12-

1    63.    IBC has no adequate remedy at law.  Unless Defendants are

2 preliminarily and permanently enjoined from committing these unlawful acts as set

3 forth above, IBC will continue to suffer irreparable harm.

4    64.    Defendants' infringement of IBC's rights is and has been willful.

5    65.    IBC is entitled to the maximum statutory damages, pursuant to 15

6 U.S.C. § 1117(d), in the amount of $100,000, for each act of Defendants'

7 cybersquatting.

8

9    **FIFTH CLAIM FOR RELIEF**

10   **Common Law Trademark Infringement and**

11   **Unfair Competition Against Defendants**

12   **[California Common Law]**

13

14    66.    IBC realleges and incorporates herein by reference the allegations of

15 the preceding paragraphs as though fully set forth herein.

16    67.    Defendants' actions alleged herein constitute infringement of IBC's

17 common law rights in the **TEAOLOGY** Mark and common law unfair competition.

18    68.    IBC has been and will continue to be irreparably harmed by

19 Defendants' infringing acts and unless Defendants are restrained from continuing

20 their infringing acts, the harm to IBC will continue.

21    69.    Defendants' infringement of IBC's rights is and has been willful.

22    70.    IBC has no adequate remedy at law for Defendants' wrongful acts.

23    71.    IBC also seeks damages stemming from Defendants' willful conduct.

24

25

26

27

28

-13-

## SIXTH CLAIM FOR RELIEF

### Unfair Competition and False Designation of Origin Against Defendants
### [California Business & Professions Code §§ 17200 & 17500]

72.     IBC realleges and incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

73.     Upon information and belief, the unlawful conduct of Defendants described herein has had a substantial effect on commerce, and constitutes unlawful, unfair and fraudulent business practices and unfair deceptive, untrue and misleading advertising in violation of Sections 17200 and 17500, *et seq.*, of the California Business and Professions Code.

74.     Upon information and belief, Defendants willfully intended to trade on the strength, reputation and goodwill of the **TEAOLOGY** Mark and to cause injury to IBC.

75.     As a direct and proximate result of Defendants' unlawful acts as described herein, IBC has suffered and will continue to suffer injury to its business, goodwill and property.

76.     IBC has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts described herein, IBC will continue to suffer irreparable harm.  IBC is entitled, pursuant to California Business and Professions Code §§ 17203 and 17535, to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts of unfair competition and false designation of origin in violation of California Business and Professions Code as well as to restitution and disgorgement of Defendants' profits.

# **PRAYER FOR RELIEF**

WHEREFORE, plaintiff IBC prays for judgment against Defendants as follows:

(1)    That Defendants be held liable for infringement and dilution of the **TEAOLOGY** Mark, unfair competition, false designation of origin, and cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*., California common law, and California Business & Professions Code §§ 17200 & 17500;

(2)    That Defendants, and their officers, employees, agents, servants, attorneys, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be preliminarily and thereafter permanently enjoined and restrained, pursuant to the Court's inherent equitable powers and pursuant to 15 U.S.C. § 1116 from:

(a)  operating the website located at *www.theteaologist.com*, or any colorable imitation thereof, or any domain name that is likely to confuse, mislead, or deceive purchasers, IBC's customers, or members of the public that goods manufactured, distributed, advertised, sold and/or offered for sale on that website originate from IBC, or that such goods have been sponsored, approved, or licensed by or associated with IBC or are in some way connected or affiliated with IBC;

(b)  promoting, distributing, or selling any products under the **THE TEAOLOGIST** trademark or any colorable imitation thereof, or any other phrase, term, or logo that is likely to cause confusion with IBC or its **TEAOLOGY** Mark;

-15-

1            (c)  using in commerce, or facilitating the use in commerce of the

2    **THE TEAOLOGIST** trademark or any other phrase, term, mark, trade name, logo

3    or design that falsely represents that, or is likely to confuse, mislead, or deceive

4    purchasers, IBC's customers, or members of the public that goods manufactured,

5    distributed, advertised, sold and/or offered for sale by Defendants originate from

6    IBC, or that such goods have been sponsored, approved, or licensed by or associated

7    with IBC or are in some way connected or affiliated with IBC;

8

9            (d)  doing or allowing any act or thing which is likely to dilute

10   the distinctive quality of the **TEAOLOGY** Mark, or to otherwise injure IBC's

11   business reputation or goodwill;

12

13           (e)  engaging in any acts of federal, state, or common law

14   trademark infringement, trademark dilution, false designation of origin, or unfair

15   competition that would damage or injure IBC; and

16

17           (f)  participating or assisting in any of the above activities.

18

19       (3)    That Defendants and their officers, employees, agents, servants,

20   attorneys, and representatives, and all other persons, firms, or corporations in active

21   concert or participation with them be required to expressly abandon the federal

22   registration for the Infringing Mark;

23

24       (4)    That Defendants and their officers, employees, agents, servants,

25   attorneys, and representatives, and all other persons, firms, or corporations in active

26   concert or participation with them be required to transfer to IBC the registration for

27   the domain name *www.theteaologist.com*;

28

-16-

1    (5)    That Defendants, pursuant to 15 U.S.C. § 1116(a), be required to

2    file with the Court and to serve on IBC within thirty (30) days after service of an

3    injunction order as requested herein, a report in writing under oath setting forth in

4    detail the manner and form in which they have complied with the Court's order;

5

6    (6)    That an accounting be ordered of all of the profits realized by

7    Defendants, or others acting in concert or participation with them, from Defendants'

8    unauthorized use, infringement, and dilution of the **TEAOLOGY** Mark;

9

10    (6)    That Defendants be required to account for and pay to IBC all

11    gains, profits, and advantages derived from their acts of infringement and other

12    unlawful conduct, as alleged herein;

13

14    (7)    That all gains, profits, and advantages derived by Defendants

15    from their acts of infringement and other unlawful conduct alleged herein be

16    deemed to be in constructive trust for the benefit of IBC.

17

18    (8)    That judgment be entered against Defendants for IBC's actual

19    damages as a result of Defendants' acts of infringement and other unlawful conduct

20    alleged herein, and for any additional profits attributable to Defendants' wrongful

21    conduct, according to proof;

22

23    (9)    That Defendants' unlawful conduct as alleged herein be deemed

24    a willful violation of IBC's intellectual property rights;

25

26    (10)    That the Court declare this an exceptional case;

27

28

1          (11)   That IBC's actual damages be trebled pursuant to 15 U.S.C.

2  § 1117(a);

3

4          (12)   That IBC be awarded maximum statutory damages for violations

5  of the Anti-Cybersquatting provisions of the Lanham Act in an amount not less than

6  $100,000 for each act of cybersquatting pursuant to 15 U.S.C. § 1117(d);

7

8          (13)   That IBC recover its reasonable attorneys' fees pursuant to 15

9  U.S.C. § 1117(a);

10

11         (14)   That IBC be awarded punitive and exemplary damages pursuant

12  to California common law;

13

14         (15)   That IBC recover the costs of this suit;

15

16         (16)   That IBC be granted pre-judgment and post-judgment interest on

17  the damages caused by Defendants; and

18

19         (17)   That IBC be granted such other and further relief as the Court

20  deems just and proper.

21

22

23

24

25

26

27

28

                                                

1  Dated:  December 4, 2012

2                                SHEPPARD, MULLIN, RICHTER &
3                                HAMPTON LLP

4
5                         By

6                                CARLO F. VAN DEN BOSCH

7                              Attorneys for Innovative Beverage Concepts,
8                                            Inc.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-19-

SMRH:407269364.1

1

## DEMAND FOR JURY TRIAL

2

3        Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff IBC hereby

4 demands a jury trial on all issues triable as of right to a jury.

5

Dated:  December 4, 2012

6

7                              SHEPPARD, MULLIN, RICHTER &
                               HAMPTON  LLP

8

9                              By

10                                  CARLO F. VAN DEN BOSCH

11                                Attorneys for Innovative Beverage Concepts,
                                  Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-

# Exhibit A

Int. Cl.: 30

Prior U.S. Cl.: 46

United States Patent and Trademark Office

Amended

Reg. No. 2,650,419

Registered Nov. 12, 2002

OG Date Apr. 11, 2006

## TRADEMARK
## PRINCIPAL REGISTER

## TEAOLOGY

INNOVATIVE BEVERAGE CONCEPTS,
INC. (CALIFORNIA CORPORATION)
27111 ALISO CREEK ROAD
SUITE 175
ALISO VIEJO, CA 92656

FOR: TEA, [ CHAI TEA, ] FLAVORED
DRINK MIXES, NAMELY TEA MIXES, [
CHAI MIXES, AND COCOA MIXES ], IN
CLASS 30 (U.S. CL. 46).
FIRST USE 1-23-2002; IN COMMERCE
1-23-2002.
SER. NO. 76-204,553, FILED 2-5-2001.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Apr. 11, 2006.*

DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE

# Exhibit B

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

## United States Patent and Trademark Office

Reg. No. 3,631,790

Registered June 2, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# TEAOLOGY

INNOVATIVE BEVERAGE CONCEPTS, INC. (CA-
LIFORNIA CORPORATION)
27111 ALISO CREEK ROAD, SUITE 175
ALISO VIEJO, CA 92656

FOR: POWDERED DRINK MIXES CONTAINING
TEA FOR USE AS MEAL REPLACEMENTS, IN
CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 11-1-2005; IN COMMERCE 11-1-2005.

SN 76-584,060, FILED 3-30-2004.

BERYL GARDNER, EXAMINING ATTORNEY

CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207
MICHELLE L. WISNIEWSKI, Cal. Bar No. 234032
SHEPPARD, MULLIN, RICHTER & HAMPTON
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:    714.513.5100
Facsimile:    714.513.5130

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE BEVERAGE CONCEPTS, INC., a California corporation;<br><br>PLAINTIFF(S)<br><br>v.<br><br>THE TEA LAB, LLC, a New York limited liability company; JENNIE RIPPS, an individual; and DOES 1-10 inclusive;<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV12-02099 CJC (ANx)**<br><br><br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):

    A lawsuit has been filed against you.

    Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Carlo F. Van den Bosch</u>, whose address is <u>Sheppard Mullin, Richter & Hampton, LLP, 650 Town Center Drive, 4th Floor, Costa Mesa, California, 92626</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  ___12-4-12___

By: _Lori Wagers_
       Deputy Clerk
      **LORI WAGERS**

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                    **SUMMONS**

American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| INNOVATIVE BEVERAGE CONCEPTS, INC., a California corporation | THE TEA LAB, LLC, a New York limited liability company; JENNIE RIPPS, an individual; and DOES 1-10 inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207 <br> MICHELLE LAVOIE WISNIEWSKI, Cal. Bar No. 234032 <br> SHEPPARD, MULLIN, RICHTER & HAMPTON LLP <br> 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626 <br> Telephone: 714.513.5100 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No    ☒ MONEY DEMANDED IN COMPLAINT: $ To Proof

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark infringement, cybersquatting, dilution and unfair competition under the federal Lanham Act and California state law.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV12-02099 CJC (ANx)

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Tea Lab - New York<br>Jennie Ripps - New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date December 4, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com